UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KELLY C.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No. C19-1412 TLF

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of her application for supplemental security income benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13.

I.     ISSUES FOR REVIEW

A.     Whether the ALJ harmfully erred in discounting plaintiff's testimony.

B.     Whether the ALJ harmfully erred in rejecting the opinions of examining doctor James Symonds, M.D., and treating doctor Karin Oltyan, M.D.

II.     DISCUSSION

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error, or (2) the decision is not supported by substantial evidence. *Ford v. Saul,* 950 F.3d 1141, 1153–54 (9th Cir. 2020) (citing *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)). Substantial evidence is "'such relevant evidence as a reasonable mind

1  might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct.
2  1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).
3  This requires "more than a mere scintilla," of evidence. *Id.* The Court must consider the
4  administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir.
5  2014). It must weigh both the evidence that supports, and evidence that does not
6  support, the ALJ's conclusion. *Id.*

7  The Court considers in its review only the reasons the ALJ identified and may not
8  affirm for a different reason. *Id.* at 1010. Furthermore, "[l]ong-standing principles of
9  administrative law require us to review the ALJ's decision based on the reasoning and
10 actual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit
11 what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554
12 F.3d 1219, 1225–26 (9th Cir. 2009) (citations omitted).

13 **A.     The ALJ Harmfully Erred in Discounting Plaintiff's Testimony**

14 The ALJ erred in rejecting plaintiff's testimony as inconsistent with the medical
15 record.

16 In weighing a plaintiff's testimony, an ALJ must use a two-step process. *Trevizo*
17 *v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether
18 there is objective medical evidence of an underlying impairment that could reasonably
19 be expected to produce some degree of the alleged symptoms. *Ghanim v. Colvin,* 763
20 F.3d 1154, 1163 (9th Cir. 2014). If the first step is satisfied and there is no evidence of
21 malingering, the second step allows the ALJ to reject the claimant's testimony of the
22 severity of symptoms if the ALJ provides specific findings and clear and convincing
23 reasons for rejecting the claimant's testimony. *Id.*

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 2

Plaintiff testified she cannot work due to chronic pain and fatigue. *See* AR 42, 211–18. She testified she cannot stand or walk for long periods because of swelling in her legs. *See* AR 43, 53. Plaintiff estimated she was able to stand for 20 minutes at a time. AR 53. She testified she has to lay down a lot. AR 43. Plaintiff testified she has to shift or get up from sitting every 15 minutes due to pain. AR 53. Plaintiff testified she has difficulty focusing and remembering due to fatigue. AR 55.

The ALJ found plaintiff's medically determinable impairments could cause some of the symptoms she alleged. AR 26. The ALJ determined, however, that plaintiff's testimony regarding the severity of her symptoms was "not entirely consistent with the medical evidence and other evidence in the record." *Id.* The ALJ determined plaintiff's testimony was inconsistent with the medical record, her daily activities, and her reason for leaving her last job. *See* AR 26.

An ALJ must explain what evidence undermines the claimant's testimony when rejecting it based on inconsistency with the medical record. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (citing *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)).

The ALJ failed to do that here. Instead, the records to which the ALJ cited show abnormalities consistent with fibromyalgia, which the ALJ found to be a severe impairment. Those records regularly noted plaintiff had "pain inhibition in lower extremities," and tenderness throughout her spine. AR 504, 511, 516, 520, 524, 527, 530, 533, 568, 571, 601, 604, 607, 610, 613, 616, 619, 622, 625, 628, 631, 634, 637. Other records noted plaintiff had tenderness at fibromyalgia test points. *See* AR 408,

461, 559. The ALJ also failed to address any records relating to plaintiff's testimony regarding her mental symptoms.

The ALJ further erred in rejecting plaintiff's testimony as inconsistent with her daily activities. An ALJ may reject a plaintiff's symptom testimony based on her daily activities if they contradict her testimony or "meet the threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). However, "the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) (quoting *Fair*, 885 F.2d at 603).

To support her determination, the ALJ noted plaintiff raised her child, managed her household, cleaned, prepared meals, and managed her finances. AR 26. Yet the record shows plaintiff's child was a teenager as of the application date, plaintiff reported cleaning was a shared household activity, and plaintiff prepared meals, but only very simple foods. *See* AR 212, 589. These activities, particularly when read in the context of the record, are basic life activities that do not supply a reasonable basis for rejecting plaintiff's testimony. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("[D]isability claimants should not be penalized for attempting to lead normal lives in the face of their limitations.").

The ALJ's final reason for rejecting plaintiff's testimony—that she left work for reasons other than disability—is not, standing alone, a sufficient reason. *See Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014) (holding that "one weak reason," even if

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 4

supported by substantial evidence, "is insufficient to meet the 'specific, clear and convincing' standard" for rejecting a claimant's testimony) (quoting *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012)). The ALJ was apparently referring to plaintiff's report she stopped working at the business owned by her and her spouse because it closed. AR 589.

Yet, in the hearing she testified that she left her job at Highline Hospital in Burien (as a diet aide) because of pain in her back, and the after-effects of back surgery. AR 43. She also testified that after leaving Highline Hospital she worked off and on at an auto detailing business that she and her spouse owned – she clarified, during questioning by the ALJ, that she tried to work for the auto detailing office, but left the office job at her and her spouse's place of business, due to pain and fatigue. AR 44-45.

The statements of plaintiff about her reasons for leaving the auto detailing office job do not contradict her claims of impairment, particularly when viewed in light of the ALJ's erroneous evaluation of the medical record and plaintiff's daily activities. The ALJ thus erred in rejecting plaintiff's testimony regarding the severity of her symptoms.

**B.   The ALJ Harmfully Erred in Evaluating the Medical Evidence**

An ALJ must provide "clear and convincing" reasons for rejecting a treating or examining doctor's uncontradicted opinions. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). When the doctor's opinions are contradicted, the ALJ must provide "specific and legitimate reasons" for rejecting them. *Id.* at 830–31. The opinions of Dr. Symonds and Dr. Oltyan are contradicted by the opinions of Erik Kohler, M.D., so the specific and legitimate standard applies to the ALJ's analysis here. *See* AR 94–97.

1. <u>The ALJ Harmfully Erred in Rejecting Dr. Symonds's Opinions</u>

Dr. Symonds examined plaintiff in January 2017. *See* AR 592–98. Dr. Symonds opined plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently. AR 597. He opined plaintiff could stand and walk for six hours in an eight-hour day, and sit for six hours, with "frequent changes in the sitting and standing position." *Id.* Dr. Symonds opined plaintiff was limited to occasional stooping, kneeling, and crouching. *Id.* He opined plaintiff could occasionally reach, grasp, and grip bilaterally. *Id.*

The ALJ accepted Dr. Symonds's opinions regarding lifting, carrying, sitting, and standing. AR 27. The ALJ gave little weight, however, to Dr. Symonds's opinions regarding reaching, grasping, gripping, stooping, kneeling, and crouching because she found them "not internally consistent with his findings that there was no objective evidence of any neuropathy and only subjective complaints of mild tenderness in the shoulders, writs [sic] and lumbar spine." *Id.* The ALJ further reasoned these opinions were inconsistent with the findings of Jeffrey Gress, M.D., one of plaintiff's treating providers. *Id.*

The ALJ erred in rejecting Dr. Symonds's opinions as internally inconsistent with his findings of no objective evidence of neuropathy and only mild tenderness in the shoulders, wrists, and lumbar spine. Dr. Symonds attributed at least some of plaintiff's symptoms to fibromyalgia, which the ALJ found to be a severe impairment. *See* AR 22, 597. Fibromyalgia is an "unusual" disease for which "there is an absence of symptoms that a lay person may ordinarily associate with joint and muscle pain. The condition is diagnosed entirely on the basis of the patients' reports of pain and other symptoms." *Revels v. Berryhill*, 874 F.3d 648, 656 (9th Cir. 2017) (internal citations and quotation

marks omitted). The lack of objective evidence of neuropathy is not inconsistent with limitations due to fibromyalgia, nor is a finding of only mild tenderness in the shoulders, wrists, and lumbar spine.

The ALJ also erred in rejecting Dr. Symonds's opinions as inconsistent with Dr. Gress's findings. Dr. Gress saw plaintiff in the first half of 2015 to treat her heart condition, not her fibromyalgia and pain conditions. *See* AR 307–17. His only relevant finding was to note that plaintiff had normal range of motion on musculoskeletal examination, although he did not specify what areas this covered. *See* AR 309, 311, 314, 316. Absent explanation, the ALJ erred in determining such generic findings were sufficient to reject Dr. Symonds's opinions. *See Regenniter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299 (9th Cir. 1999) (citing *Embrey v. Bowen*, 849 F.2d 418, 421–22 (9th Cir. 1988)).

2. The ALJ Harmfully Erred in Rejecting Dr. Oltyan's Opinions

Dr. Oltyan was one of plaintiff's treating providers. *See* AR 468–70, 472–74, 485–87, 499–501, 561–63. Dr. Oltyan completed three documentation of medical condition forms, in which she marked plaintiff was "severly [sic] limited, unable to lift at least two pounds or unable to stand or walk." AR 473, 486, 500.

The ALJ gave Dr. Oltyan's opinions little weight. AR 27. The ALJ reasoned Dr. Oltyan's "cursory opinion on the check-box forms" was "not corroborated by objective physical examination findings," and Dr. Gress's findings. *Id.*

The ALJ erred in rejecting Dr. Oltyan's opinions as uncorroborated by physical examination findings. Although an ALJ need not accept an opinion that is "brief, cursory, and inadequately supported by clinical findings," *Thomas v. Barnhart*, 278 F.3d 947,

957 (9th Cir. 2002) (citing *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992)), an ALJ errs when she ignores treatment records that can support the opinion, *see Garrison*, 759 F.3d at 1013. At least one of the providers to which Dr. Oltyan referred plaintiff reported plaintiff was tender at 14 of 18 fibromyalgia test points. *See* AR 461. The ALJ did not address this record, and thus erred in rejecting Dr. Oltyan's opinions as uncorroborated by physical exam findings.

The ALJ further erred in rejecting Dr. Oltyan's opinions as inconsistent with Dr. Gress's findings. The ALJ's analysis here mirrored her analysis of Dr. Symonds's opinions as compared to Dr. Gress's findings. *See* AR 27–28. That analysis thus fails for the same reasons it failed with respect to Dr. Symonds. *See Supra* Part II.B.1.

C.     Remand with Instructions for Further Proceedings

Plaintiff asks the Court to remand this matter for further administrative proceedings. Pl. Op. Br. (Dkt. # 9), at 17–18. "'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo*, 871 F.3d at 682 (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Court agrees remand for further proceedings is the appropriate remedy. On remand, the ALJ shall reevaluate plaintiff's testimony, Dr. Symonds's opinions, and Dr. Oltyan's opinions. The ALJ shall reassess plaintiff's residual functional capacity, and all

relevant steps of the disability evaluation process. The ALJ shall conduct all further proceedings necessary to reevaluate the disability determination in light of this opinion.

### III.    CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ erred when she determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is REVERSED and this matter is REMANDED for further administrative proceedings.

Dated this 4th day of November, 2020.

Theresa L. Fricke
United States Magistrate Judge